## Roberts, et al. v. Commonwealth.

(Decided May 10, 1927.)

## Appeal from Pendleton Circuit Court.

1. Criminal Law.—Exclusion of incompetent evidence as to trailing of defendants by dogs, after its admission in trial for breaking into a storehouse with intent to steal, held sufficient to remove prejudicial effect, in view of fact that the evidence excluded played but little part in the case, and other features tending to prove that the defendants committed the offense charged were controlling.

2. Criminal Law.—Trial court's refusal to grant new trial on the ground of newly discovered evidence held proper, where the newly discovered evidence was merely cumulative and not of such controlling character as to render a different result reasonably probable.

3. Criminal Law.—Where defendants' application for a new trial on the ground of newly discovered evidence, after conviction for breaking into a storehouse with intent to steal, was not supported by their affidavits stating facts showing that they did not know and by the exercise of reasonable diligence could not have known of the existence of newly discovered evidence until after the trial, refusing new trial held proper.

PETERSON & PETERSON for appellants.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

Appellants seek the reversal of a judgment convicting them of breaking into a storehouse with intent to steal therefrom, and fixing their punishment at four years' imprisonment.

At the time the offense was committed Virgil Holmes conducted a store at McKinneysburg, in Pendleton county. In the store was a post office. On Friday night, August 27, 1926, the store was broken into and some merchandise taken therefrom. Stamps of the value of about $12 were also taken from the post office. There was an automobile track near by, and at the store were found a tube, a pair of pliers, and the heel of a shoe. On the same night the home of Dow Bush, who lives near Antioch in Harrison county, was broken into and some property taken therefrom. His Ford automobile was

also taken. Mr. Bush identified the pliers as his, and his machine was found near the home of Mr. Blades, a short distance from Antioch. In Mr. Blades' barn was found some of the property taken from the Holmes store. The barn was watched for three or four nights. On Tuesday night a man was seen approaching the barn. Mr. Holmes saw him and identified him as Ambrose Roberts. About this time a noise was made and the man was frightened away. The posse then went to the home of Chester Roberts and watched during the night. No one came in while they were there. The next morning Mr. Mulligan at Lexington was summoned and came to the barn with his bloodhounds. In a trail which the dogs picked up was a shoe print with no heel, and another print with a broken sole. The trail was followed through a field and lane and then lost. The dogs were then placed in a machine and carried some distance to a point near the home of Chester Roberts. The dogs picked up the trail and went to the house. The house was searched and several articles belonging to Holmes and some stamps were found. Among them was a flash light, which was discovered in a bed recently occupied by Ambrose Roberts. Ambrose claimed to be the owner of the flash light. Chester Roberts had a shoe with the heel missing, and the heel that was found at the store fitted the shoe. There was also found a shoe with a broken sole, the ownership of which, it is claimed, was admitted by Ambrose Roberts, and which corresponded to some of the tracks found near the barn. Appellants denied all connection with the crime and introduced evidence tending to establish an alibi. In addition, Ambrose Roberts denied that he was at the barn on the night referred to by Holmes, and claims, and introduced witnesses to show, that the clothes he wore were not such as described by Holmes.

On motion of appellants the court excluded all the evidence as to the trailing by the dogs after they were carried in the machine to a point near Chester Roberts' house, but permitted the evidence as to the trailing at the barn to go to the jury. Appellants insist that as the jury had already heard the evidence as to what the dogs did after picking up the trail near Chester Roberts' home the exclusion of the evidence was not sufficient to remove its prejudicial effect. There are cases, of course, where the effect of improper evidence cannot be removed

by its subsequent exclusion by the court, but, in our opinion, the case presented does not fall within that class. The trailing done by the dogs plays but little part in the case. The controlling feature of the case is that the stolen goods were found in the home of Chester Roberts, and that Ambrose Roberts claimed to be the owner of the searchlight that was found in the bed recently occupied by him. In view of this evidence and the other evidence tending to connect appellants with the crime, we are not disposed to the view that the evidence complained of was so prejudicial that the impression made on the minds of the jury was not removed by its subsequent exclusion.

Another insistence is that the court erred in refusing a new trial on the ground of newly discovered evidence. The action of the trial court was proper for two reasons: First, the newly discovered evidence was merely cumulative and not of such controlling character as to render a different result reasonably probable (Daniels v. Commonwealth, 194 Ky. 513, 240 S. W. 67; Roberts v. Commonwealth, 212 Ky. 791, 280 S. W. 111); second, the application for the new trial was not supported by the affidavits of the accused stating facts showing that they did not know and by the exercise of reasonable diligence could not have known of the existence of the newly discovered evidence until after the trial (Oakley v. Commonwealth, 158 Ky. 474, 165 S. W. 691; Roberts v. Commonwealth, supra).

Judgment affirmed.